**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALFONSO MIRANDA-LEYVA, | No.   23-4158 |
| Petitioner, | Agency No.  A213-388-756 |
| v. | |
| JAMES R. MCHENRY III, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2024**
Phoenix, California

Before:     TASHIMA, M. SMITH, and BADE, Circuit Judges.

Petitioner Alfonso Miranda-Leyva, a native and citizen of Mexico, petitions

for review of a decision of the Board of Immigration Appeals (BIA).  The BIA

dismissed Petitioner's appeal of a decision of the Immigration Judge (IJ), who

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

denied Petitioner's application for asylum, withholding of removal, protection under the Convention Against Torture (CAT), and post-conclusion voluntary departure. Petitioner concedes ineligibility for asylum and petitions for review of his requests for withholding of removal, CAT relief, and voluntary departure. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

1.     The BIA did not apply an incorrect standard of review to the IJ's denial of withholding of removal. The BIA properly applied clear error review to the IJ's finding that Petitioner failed to establish that anyone would try to harm him upon return to Mexico, which was a factual finding, not a legal conclusion. *See Guerra v. Barr*, 974 F.3d 909, 915 (9th Cir. 2020) ("What is likely to happen to a petitioner if deported to a certain country is . . . a question of fact that the BIA may reject only for clear error.").

2.     The agency did not violate Petitioner's due process rights by failing to consider his evidence supporting his claims for withholding of removal and CAT relief. The agency considered the evidence of the threats he and his nephew received, as well as the evidence of Petitioner's land ownership. Petitioner has failed to "demonstrate that the challenged proceeding 'was so fundamentally unfair that [he was] prevented from reasonably presenting [his] case.'" *Grigoryan v.*

2

*Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020) (quoting *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010)).

**3.**     Nor did the agency violate due process by failing to consider the letters from Petitioner's family supporting his request for voluntary departure. *See Zamorano v. Garland*, 2 F.4th 1213, 1221 (9th Cir. 2021) ("Although we lack jurisdiction to reweigh the agency's exercise of discretion in denying voluntary departure, we do have jurisdiction to review 'constitutional claims or questions of law in challenges to denials of voluntary departure under [8 U.S.C.] § 1229c.'" (quoting *Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 (9th Cir. 2013) (citation omitted))).  The IJ stated that she considered all the evidence in the case and explicitly acknowledged the letters.

The petition for review is **DENIED**.[1]

---

[1]     The stay of removal remains in place until issuance of the mandate.